UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMILY APRIL,

                    Plaintiff,

        v.

STATE FARM AUTOMOBILE
INSURANCE COMPANY,

                    Defendant.

CASE NO. 3:26-cv-05086-DGE

ORDER TO SHOW CAUSE

        This matter comes before the Court sua sponte on its review of the record.  On January 30, 2026, Defendant State Farm Fire and Casualty Company ("State Farm") filed a notice of removal with this Court.  (Dkt. No. 1.)  Defendant argues removal was properly based on diversity jurisdiction.  (*Id.* at 2.)

        A matter is properly removed based on diversity where "the suit is brought between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).  It is a "longstanding, near-canonical rule that the burden on removal rests with the removing defendant."  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

ORDER TO SHOW CAUSE - 1

Furthermore, "[courts] strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941).  In addition, where the state court complaint does not specify a particular amount in damages, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper by a preponderance of evidence.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–404 (9th Cir. 1996).

Here, Plaintiff's complaint asserts claims for breach of contract, violation of the duty of good faith, negligent claims handling, violation of the Washington Consumer Protection Act, ("CPA"), and violation of the Washington Insurance Fair Conduct Act ("IFCA").  (Dkt. No. 1-1 at 6–9.)  Plaintiff also seeks a declaratory judgment that the loss at issue in her complaint is covered under her policy (*id.* at 5) and an injunction against Defendant from further acts that violate Washington law (*id.* at 8).  The complaint identifies various claim values (*id.* at 3–5) but does not fully quantify damages.  Plaintiff seeks a "money judgment" in an amount proven at trial, "enhanced damages" under the CPA and IFCA, "costs, disbursements, and attorney fees to the maximum extend authorized by law," and "attorney fees and costs."  (*Id.* at 10.)

Defendant asserts removal is proper because it received a demand letter from Plaintiff's counsel in October 2025 that advised the total amount in controversy is a combined $47,149.98 in damages, "including $5,000.00 in attorney's fees as of that date," as well as "well over $100,000" in attorney fees that Plaintiff's counsel will seek in the future.  (Dkt. No. 1 at 3.)  Defendant also notes it is considering treble damages authorized under the CPA and the IFCA in its calculation.  (*Id.*)

If the law entitles a plaintiff to an award of attorney fees by statute or contract, "such future attorneys' fees are at stake in the litigation, and must be included in the amount in

ORDER TO SHOW CAUSE - 2

controversy." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018).  A removing defendant must prove the amount in controversy, including attorney fees, exceeds the jurisdictional threshold by a "preponderance of the evidence" and must make this showing with "summary-judgment-type evidence."  *Id.* at 795 (citations omitted).  A district court may reject a defendant's attempts to include future attorney fees in the amount in controversy if the defendant cannot satisfy its burden of proof.  *Id.*

In arriving at the amount in controversy, a defendant "need not make the plaintiff's case for [them]," but also may not rely on assumptions or conjecture.  *Martinez v. Pub. Consulting Grp., Inc.*, Case No.: 22-cv-00813-WQH-DDL, 2022 WL 8176154, at *5 (S.D. Cal. Oct. 13, 2022) (citing *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th. Cir. 2020)).  Relevant here, the "type of evidence that courts have considered to estimate reasonable future attorney's fees include a percentage of economic damages alleged, fee awards in similar cases, and estimates of the number of hours that will likely be required to litigate the pending case multiplied by the opposing counsel's hourly rate."  *Penhale v. Allstream Bus. U.S., LLC*, Case No. 3:18-cv-02024-SB, 2019 WL 6314217, at *2 (D. Or. June 21, 2019) (quoting *Peck v. First Student, Inc.*, Case No. 3:17-cv-0863-SI, 2017 WL 3288116, at *3 (D. Or. Aug. 2, 2017)).

Here, Defendant states that Plaintiff's demand was for $47,149.98, including $5,000 in attorney fees up to that point. (Dkt. No. 1 at 3.)  Defendant cites to its own declaration in support of this statement, but no additional information is provided other than "[i]n a telephone conversation on January 27, 2026, Plaintiff's counsel confirmed that Plaintiff will seek well over $100,000 in attorney's fees in the instant litigation." (Dkt. No. 2 at 2.)  Defendant has not put forth "summary-judgment-type evidence" to show that the future attorney fees will exceed the jurisdictional threshold.  *Fritsch*, 899 F.3d at 795 (citation omitted).  As such, the Court is not

ORDER TO SHOW CAUSE - 3

satisfied that Defendant has met its burden to establish the amount in controversy at this point. *Abrego Abrego*, 443 F.3d at 684.

Accordingly, no later than **February 23, 2026**, (1) Defendant SHALL provide a breakdown of its calculation of the amount in controversy and SHALL include relevant evidence sufficient to show, by a preponderance of evidence, that the amount in controversy has been satisfied; and (2) Plaintiff SHALL identify the approximate amount of total damages and other fees and costs she claims in this litigation along with a line item for each category of damages used to calculate her total damages.

The Clerk is directed to calendar this event.

Dated this 9th day of February 2026.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 4