UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMILY APRIL,

                    Plaintiff,

        v.

STATE FARM AUTOMOBILE
INSURANCE COMPANY,

                    Defendant.

CASE NO. 3:26-cv-05086-DGE

ORDER REGARDING AMOUNT
IN CONTROVERSY (DKT. NOS.
11, 12)

Before the Court are the Parties' responses (Dkt. Nos. 11, 12) to the Court's order to show cause (Dkt. No. 10) related to whether the amount in controversy has been satisfied for purposes of diversity jurisdiction.

Plaintiff initiated this lawsuit on January 2, 2026, in Clallam County Superior Court. (Dkt. No. 1-1.)  The complaint outlined various estimates, offers, and payments (*see id.* at 3–5) but did not quantify damages.  Defendant timely removed on January 30, 2026, based on diversity jurisdiction, because Plaintiff is a citizen of Washington and Defendant is a citizen of Illinois.  (Dkt. No. 1 at 2.)  In the notice of removal, Defendant asserted the total amount in

controversy was over $75,000 based on the following: (1) Plaintiff's asserted damages of $47,149.98, including $5,000 in attorney fees; (2) "well over $100,000 in [future] attorney's fees," as apparently stated by Plaintiff's counsel in a January 27 phone call; and (3) trebling damages under the Insurance Fair Conduct Act ("IFCA") and exemplary damages under the Consumer Protection Act ("CPA"), as well as attorney fees and costs. (*Id.* at 2–3.)

On February 9, 2026, the Court sua sponte issued its order to show cause, requiring the Parties to provide supplemental briefing on how the amount in controversy requirement had been met. (Dkt. No. 10.) The Court acknowledged that Plaintiff's complaint did not provide a damages figure and noted that additional information was needed to determine whether Plaintiff's future attorney fees would indeed exceed the jurisdictional threshold. (*Id.* at 2–3.) The Court ordered the Parties to provide a "breakdown of [their] calculation of the amount in controversy," with a line item of each category of damages used to calculate total damages provided by Plaintiff. (*Id.* at 4.)

The Parties dispute whether the amount in controversy has been satisfied, and specifically whether Plaintiff's future attorney fees will exceed the $75,000 threshold. In her response to the Court's order, Plaintiff estimated her total damages add up to $5,761.66, with "statutory enhancements [under the IFCA and CPA] and attorney fees as permitted by law" totaling $52,284.98. (Dkt. No. 11 at 3) (citing Dkt. No. 11-2). In a declaration, Plaintiff's counsel asserts he "did not state that the amount in controversy actually exceeded $75,000[]" in the January 27 phone call. (Dkt. No. 11-1 at 1.)

Defendant's position is that following the Court's order to show cause, on February 19, Plaintiff's counsel "reversed course" on the question of the amount in controversy and stated Plaintiff was no longer seeking more than $75,000 in damages "for purposes of removal." (Dkt.

ORDER REGARDING AMOUNT IN CONTROVERSY (DKT. NOS. 11, 12) - 2

No. 12 at 2) (citing Dkt. No. 14 at 2).  Counsel for the parties discussed filing a stipulation to remand; Plaintiff's counsel requested Defendant's counsel circulate a draft of the stipulations. (Dkt. Nos. 11-1 at 5–9; 14-2; 14-3; 14-4.)  Defendant's counsel sent the proposed stipulations to Plaintiff's counsel on February 20, but states that as of the filing of Defendant's response, Plaintiff's counsel had not executed the proposed stipulations "and has therefore not agreed that Plaintiff's damages will be less than $75,000."  (Dkt. No. 12 at 2–3; 14-5.)  Defendant argues that Plaintiff's contractual damages (which can be trebled under the CPA and IFCA), plus the future attorney fees, clear the amount in controversy requirement.[1]  (*See* Dkt. No. 12 at 3–6.)

The Court concludes Defendant has satisfied the amount in controversy.  Plaintiff seeks $5,761.66 in actual damages, statutory enhancements under the CPA and IFCA adding up to $42,284.98, and "approximately $10,000" in attorney fees incurred to date.  (Dkt. No. 11 at 3) (citing Dkt. No. 11-2).  This places the presumptive amount in controversy, according to Plaintiff, at $52,284.98.[2]  (Dkt. No. 11 at 5.)  Though the Parties now dispute whether Plaintiff intends to seek "well over $100,000" in *future* attorney fees (*see* Dkt. Nos. 11-1 at 1; 14 at 2), it is not unreasonable to assume that if this case were to proceed all the way through trial, Plaintiff's attorney fees would push across the $75,000 jurisdictional threshold.  *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018) (holding that future attorney fees are part of the amount in controversy and that district courts are "well equipped to determine whether defendants have carried their burden of proving future attorneys' fees" by a

---

[1] Defendant's full breakdown of the costs includes $3,711.66 in contractual damages, a $505 appraisal fee, $50,000 in "[g]eneral damages (through trial)," trebling damages under the CPA and IFCA totaling more than $190,000, "[r]easonable attorney's fees" of more than $150,000, and costs of $15,000, for a grand total of $411,366.60.  (Dkt. No. 12 at 6.)

[2] Note that Counsel's declaration indicates that the total amount in controversy, "including statutory enhancements and attorney fees incurred to date, is $52,149.98[.]"  (Dkt. No. 11-2 at 2.)

ORDER REGARDING AMOUNT IN CONTROVERSY (DKT. NOS. 11, 12) - 3

preponderance of the evidence).  Defendant has therefore met its burden to establish the requirements for removal.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Notwithstanding, if Plaintiff files a sworn declaration stating she will not seek more than $75,000, inclusive of all future attorney fees for her claims, the Court will remand this case to state court.  *See, e.g.*, *Brown v. Citibank USA, N.A.*, Case No. 2:14–cv–07695–CAS–VBK, 2014 WL 5810333, at *3 (C.D. Cal. Nov. 7, 2014) (citation omitted) ("'If [a plaintiff] does not desire to try [her] case in the federal court [she] may resort to the expedient of suing for less than the jurisdictional amount, and though [she] would be justly entitled to more, the defendant cannot remove.'"); *Cicero v. Target Corp.*, Case No. 2:13–CV–619 JCM (GWF), 2013 WL 3270559, at *2 (D. Nev. June 26, 2013) ("Other district courts have held that plaintiffs are judicially estopped from taking positions in the future that are inconsistent with their complaint stating that they were not seeking damages in excess of the diversity jurisdiction amount of $75,000.").

In conclusion, the Court is satisfied the amount in controversy has been met.  *See* 28 U.S.C. § 1332(a)(1).  However, if Plaintiff desires to remand her case to state court, she is ORDERED to submit a declaration on or before March 13, 2026, affirming that she will not seek more than $75,000 total in this lawsuit.

The Clerk is directed to calendar this event.

Dated this 27th day of February 2026.

David G. Estudillo
United States District Judge

ORDER REGARDING AMOUNT IN CONTROVERSY (DKT. NOS. 11, 12) - 4