UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMILY APRIL,

                    Plaintiff,

        v.

STATE FARM AUTOMOBILE
INSURANCE COMPANY,

                    Defendant.

CASE NO. 3:26-cv-05086-DGE

ORDER ON PLAINTIFF'S
DECLARATION REGARDING
THE AMOUNT IN
CONTROVERSY (DKT. NO. 16)

        Before the Court is Plaintiff's sworn declaration (Dkt. No. 16) in response to the Court's order regarding the amount in controversy and remand (Dkt. No. 15).

        The Court refers to its previous orders discussing the amount in controversy for a full recitation of the facts.  (*See* Dkt. Nos. 10, 15.)  Relevant here, the Court has found, by a preponderance, that inclusion of Plaintiff's future attorney fees would likely push her costs over $75,000.  (Dkt. No. 15 at 3); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).  However, the Court provided that if Plaintiff filed a declaration stating she

ORDER ON PLAINTIFF'S DECLARATION REGARDING THE AMOUNT IN CONTROVERSY (DKT. NO. 16) - 1

would not seek more than $75,000, "inclusive of all future attorney fees for her claims," the Court would remand her case to state court.  (Dkt. No. 15 at 4.)

Plaintiff has now provided her declaration, in which she affirms "that in this lawsuit [she] will not seek to recover more than $75,000 total, inclusive of all damages, attorney's fees, and costs."  (Dkt. No. 16 at 1.)  Because Plaintiff is the "master of [her] complaint[,]" *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000), she can "avail[] [herself] of [her] right to circumvent federal jurisdiction by expressly limiting [her] claims to less than $75,000." *Brown v. Citibank USA, N.A.*, Case No. 2:14–cv–07695–CAS–VBK, 2014 WL 5810333, at *3 (C.D. Cal. Nov. 7, 2014).  Therefore, she "'may resort to the expedient of suing for less than the jurisdictional amount, and though [she] would be justly entitled to more, the defendant cannot remove.'" *Id.* (citation omitted).

Plaintiff also requested attorney fees for the work associated with responding to the Court's order to show cause.  (Dkt. No. 11 at 4.)  "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*  "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*  However, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Rather, the inquiry is "whether the relevant case law clearly foreclosed the defendant's basis of removal[,]" looking to the "clarity of the law at the time of removal." *Id.*

ORDER ON PLAINTIFF'S DECLARATION REGARDING THE AMOUNT IN CONTROVERSY (DKT. NO. 16) - 2

The Court determines it was not objectively unreasonable for Defendant to remove the case. First, because case law is clear that future attorney fees are part of the amount in controversy, it was not unreasonable for Defendant to remove this case to federal court once it believed the amount in controversy had been satisfied via inclusion of Plaintiff's anticipated attorney fees. *See Fritsch*, 899 F.3d at 795. And second, it is apparent there was at least some dispute or confusion as to whether Plaintiff told Defendant she intended to seek over $100,000 in attorney fees in this matter. (*See* Dkt. Nos. 1 at 3; 11–1 at 1; 12 at 2; 14 at 2.) Based on the evidence, the Court concluded "that if this case were to proceed all the way through trial, Plaintiff's attorney fees would push across the $75,000 jurisdictional threshold." (Dkt. No. 15 at 3.) Indeed, had Plaintiff not filed the instant declaration, the Court would have retained jurisdiction over this matter. (*Id.* at 3–4; *see also* Dkt. No. 16.) Therefore, Defendant's basis for removal was not "clearly foreclosed[,]" even though removal was ultimately unsuccessful. *Lussier*, 518 F.3d at 1065.

Accordingly, this case is hereby REMANDED to Clallam County Superior Court. Plaintiff's request for fees (*see* Dkt. No. 11 at 4–5) is DENIED.

Dated this 13th day of March 2026.

David G. Estudillo
United States District Judge

ORDER ON PLAINTIFF'S DECLARATION REGARDING THE AMOUNT IN CONTROVERSY (DKT. NO. 16) - 3